OPINION OF THE COURT
William H. Keniry, J.
This case, one of apparent first impression, raises a question of priority between the holder of a mortgage executed pursuant to a building loan contract and the holder of a mechanic’s lien subsequently filed against the same property.
Defendant Thomas J. Bien & Associates, Inc. (Bien) was a general contractor engaged in the construction of single-family homes in a development called Arrowhead Estates in the City of Saratoga Springs. Plaintiff financed the construction of a home on a lot Bien owned designated as 25 Arrowhead Road. On March 29, 1995 plaintiff executed a so-called notice of lending (see, Lien Law § 73) stating that it loaned $45,000 to Bien as trustee for the making of improvements to 25 Arrowhead Road. The notice of lending was filed March 30, 1995 in the Saratoga County Clerk’s office. On April 21, 1995 a second notice of lending was signed by plaintiff stating that $30,000 was advanced to Bien as trustee for improvements on the same Arrowhead parcel. The notice of lending was filed April 24, 1995. The next day, April 25, 1995, Bien signed a promissory note and building loan contract in which it acknowledged borrowing $150,000 from plaintiff for improvements to 25 Arrowhead Road and simultaneously executed a mortgage on the property in plaintiff’s favor to secure repayment of the debt. The building loan agreement and the mortgage both contain the clause required by Lien Law § 13 to the effect that Bien was receiving the loan proceeds as a trustee to first pay for the cost of improvements to the mortgaged property. In addition, Bien in an attachment to the building loan agreement signed a statement under oath, pursuant to Lien Law § 22, that $147,707.50 was the net sum available to it from the loan proceeds for the improvements.
Construction of the home proceeded with Bien purchasing materials and procuring labor from several suppliers and contractors including Collins Lumber Corporation (Collins). At the loan closing, plaintiff deducted $75,000 from the proceeds to represent the earlier advances made to Bien which were memorialized in the two previously filed notices of lending. The balance, some $72,707.50, was fully disbursed to Bien in installments by June 22, 1995. On July 21, 1995, Bien filed a *921 petition under chapter 7 of the United States Bankruptcy Code. This filing triggered the filing of several notices of mechanic’s liens against the property. Defendant Collins filed a mechanic’s lien in the amount of $36,115.43 on July 27, 1995.
Plaintiff, after obtaining an order from the Bankruptcy Court lifting the automatic stay, commenced this action to foreclose its mortgage naming as defendants, in addition to Bien, several parties who held allegedly subordinate interests in the mortgaged property. All named defendants, except for Collins and another supplier, Electric City Concrete Co., Inc. (Electric City), defaulted or interposed limited appearances. Defendant Collins answered the complaint asserting an affirmative defense and counterclaim alleging that its mechanic’s lien was superior to plaintiff’s mortgage because the building loan agreement which was filed was materially misleading. Defendant Electric City likewise served an amended answer interposing a cross claim seeking foreclosure of its mechanic’s lien of $4,512.27.
Plaintiff now moves for summary judgment, an order appointing a Referee to compute the amount due plaintiff, and an order dismissing the defendants Collins’ and Electric City’s counterclaims. Defendant Collins opposes the motion and cross-moves for an order granting it summary judgment on its counterclaim and judgment declaring that its mechanic’s lien has priority over plaintiff’s mortgage. In the event summary judgment is denied, Collins seeks leave to amend its answer to assert two additional counterclaims, one alleging the diversion of trust funds and another for the foreclosure of its mechanic’s lien. Defendant Onondaga Window & Door Co., Inc. submits an affidavit in support of Collins’ cross motion. No other party appears.
The resolution of the legal issue raised by Collins requires the court to determine whether the plaintiff knowingly filed a building loan contract which materially misrepresented the net sum available to Bien for the improvements to be made on the 25 Arrowhead Road property. In such event, plaintiff’s mortgage would be subordinated to all subsequently arising mechanic’s liens under the holding of Nanuet Natl. Bank v Eckerson Terrace (47 NY2d 243).
Section 13 of the Lien Law provides that a mechanic’s lien has priority over a building loan mortgage as to advances made by the mortgagee before a lien filing unless the mortgage contains the trust fund covenant required by Lien Law § 13 (3) and a building loan contract is filed as required by Lien Law *922 § 22. Section 22 mandates, in pertinent part, that the contract contain "a true statement under oath, verified by the borrower showing * * * the net sum available to the borrower for the improvement”.
Defendant Collins contends that Bien’s statement under section 22 was inaccurate in stating that $147,707.50 was available for the improvements at 25 Arrowhead Road. Defendant argues that because plaintiff advanced $75,000 to Bien prior to filing the building loan contract, only $72,707.50 was, in fact, available when the section 22 statement was made.
Plaintiff, in reply, asserts that the amount stated in the section 22 statement was available for construction although it concedes that $75,000 was disbursed to Bien before the contract was signed. Plaintiff argues that such advances were specifically held by Bien as trust funds under Lien Law § 13 since the plaintiff filed notices of lending as authorized in Lien Law § 73 (3). Plaintiff contends that the section 22 statement was accurate and not misleading because $147,707.50 was in fact made available to and borrowed by Bien for the designated construction project.
The court has found no case directly in point. However, when the rationale underlying the enactment of Lien Law § 22, as delineated by the Court of Appeals in Nanuet Natl. Bank v Eckerson Terrace (supra), is considered, the court holds that section 22 was not violated by Bien or plaintiff in this case. Clearly plaintiff made $147,707.50 available to Bien for the construction of a one-family residence at 25 Arrowhead Road and plaintiff thus did not knowingly file a materially false statement. It is the court’s conclusion that plaintiff’s mortgage did not lose its priority to any of the subsequently filed mechanic’s liens. Plaintiff is entitled to proceed with the foreclosure of its mortgage.
Plaintiff’s motion is granted without costs.
Defendant Collins’ cross motion is denied without costs.